LINK: [14]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01512-BRO (KKx)** | Date | September 9, 2016 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Anel Huerta | Not Present | N/A |
| Relief Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER RE PLAINTIFFS' MOTION TO REMAND**

**I. INTRODUCTION**

Pending before the Court is Plaintiffs Terri Ann Kapanoske and Gerald E. Kapanoske's ("Plaintiffs") Motion to Remand. (Dkt. No. 14 (hereinafter, "Mot.").) After considering the papers filed in support and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiffs' Motion.

**II. BACKGROUND**

**A. Factual Background**

Plaintiffs claim that they are owners of property located 2950 Glenwood Circle, Corona, California in the County of Riverside (the "Property"). (Dkt. No. 13 (hereinafter "FAC") ¶ 3.) Defendant Wells Fargo Bank ("Wells Fargo") is a national banking association ("NBA"). (Removal at 3; *see also* FAC ¶ 4.) Defendant NBS Default Services, LLC ("Defendant NBS"), is a limited liability company.[1] (Removal at 4; FAC ¶ 5.)

On March 4, 2003, Plaintiffs purchased the Property for $407,000. (FAC ¶ 10.) Plaintiffs executed a promissory note and a deed of trust in the amount of $300,000 with World Savings Bank, FSB ("WSB"). (*Id.*) Plaintiffs' loan with WSB was a conventional

---

[1] The Court will refer to Wells Fargo and Defendant NBS collectively as "Defendants."

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01512-BRO (KKx) | Date | September 9, 2016 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

thirty-year mortgage with a fixed interest rate of 6.5% and a monthly payment of $1,896.21. (*Id.*) On or about December 20, 2005, Plaintiffs, based on the advice of WSB, refinanced their mortgage by executing a promissory note and deed of trust in the amount of $500,000. (FAC ¶ 12.) The new loan was an adjustable rate mortgage that allowed Plaintiffs to "Pick-A-Payment." (*Id.*) On or about October 2006, Wachovia Corporation acquired WSB, and in 2008, Wells Fargo acquired Wachovia Corporation. (FAC ¶ 14.)

On or about June 1, 2010, Plaintiffs received a "step-rate modification" from Wells Fargo. (FAC ¶ 15.) After continuing to make payments for three years, Plaintiffs suspected their payments were misapplied because their loan balance had not decreased while their monthly payment had continued to increase. (FAC ¶ 16.) In the fall of 2014, Plaintiffs contacted to Wells Fargo to resolve these discrepancies and prevent loan default. (FAC ¶ 17.) Wells Fargo instructed Plaintiffs to cease making payments and remain in default so that Wells Fargo could review their account and provide a loan modification; Plaintiffs complied. (*Id.*) However, according to Plaintiffs, in early 2015, Wells Fargo denied their request for a loan modification because Wells Fargo claimed that Plaintiffs' income was too low to afford their home. (FAC ¶ 18.) At the time, Plaintiffs were approximately $27,000 in arrears on their payments, and, according to Plaintiffs, Wells Fargo demanded full payment to make their loan current. (*Id.*)

On or around March 2015, Plaintiffs applied for foreclosure prevention assistance from Keep Your Home California ("KYHC"). (FAC ¶ 19.) Plaintiffs allege that Wells Fargo was aware that KYHC was assisting Plaintiffs with loan reinstatement. (FAC ¶ 20.) Further, Plaintiffs claim that Wells Fargo knew that that KYHC is only allowed to pay up to $50,000 to assist in reinstating a loan, and purposely increased Plaintiffs' loan reinstatement amount to over $50,000. (FAC ¶ 20.) On or about October 28, 2015, Plaintiffs received notification from Wells Fargo that it had begun foreclosure proceedings. (FAC ¶ 21.) On or about November 2015, KYHC informed Plaintiffs that they were eligible for assistance. (FAC ¶ 22.) However, on or about December 23, 2015, a Wells Fargo representative told Plaintiffs that KYHC denied them assistance because their past due balance of $55,737.86 was over $50,000. (FAC ¶¶ 23–24.) On January 8, 2016, after Plaintiffs offered to pay the $5,737.86 difference, a Wells Fargo representative notified Plaintiffs that Wells Fargo does not collect overages when the total amount to reinstate is more than $54,000.00. (FAC ¶ 25.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01512-BRO (KKx) | Date | September 9, 2016 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

On or about February 16, 2016, Defendant NBS recorded a Notice of Default on behalf of Wells Fargo.  (FAC ¶ 30.)  On or about May 23, 2016, Plaintiffs received a Notice of Trustee's Sale from Defendant NBS indicating a foreclosure sale date of June 15, 2016.  (FAC ¶ 33.)

### B. Procedural History

Plaintiffs initiated this action in the Superior Court of California, County of Riverside, on May, 27, 2016.  (*See generally* Dkt. No. 1, Ex. A (hereinafter, "Compl.").)  Defendant Wells Fargo removed the action to this Court on July 11, 2016, invoking diversity jurisdiction.  (*See* Removal.)  On July 18, 2016, Defendants filed a Motion to Dismiss.  (*See* Dkt. No. 10.)  Rather than respond to the Motion to Dismiss, Plaintiffs filed a First Amended Complaint on August 8, 2016.  (*See* FAC.)  Plaintiffs then filed the instant Motion on August 10, 2016.  (*See* Mot.)  On August 22, 2016, Wells Fargo timely filed its Opposition.  (*See* Dkt. No. 17 (hereinafter, "Opp'n").)  On August 29, 2016, Plaintiffs timely replied.  (Dkt. No. 32 (hereinafter "Reply").)

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court only if the action could have been brought there originally.  This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  If a district court finds, at any time, that it lacks original jurisdiction, the court must remand the action.  *See* 28 U.S.C. § 1447(c).  Moreover, "[f]ederal jurisdiction must be

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01512-BRO (KKx)** | Date | September 9, 2016 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV.    DISCUSSION

Plaintiffs contend that removal was improper in this case for two reasons: (1) Defendants have failed to show complete diversity between Plaintiffs and Defendants,[2] (Mot. at 5–10; Reply at 3–4); and, (2) Defendants have failed to show the amount in controversy exceeds $75,000, (Mot. at 10; Reply at 5). For the following reasons, the Court disagrees with Plaintiffs.

### A.    Whether There is Complete Diversity Between Plaintiffs and Defendants

First, Plaintiffs argue that Defendants have not met their burden of establishing that Plaintiffs' citizenship is diverse from Defendants'. (*See* Mot. at 5–8.) The Court disagrees.

For diversity jurisdiction purposes, an individual is a citizen of his or her state of domicile, and an individual is domiciled where he or she resides with the intention to remain. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, here it appears that Plaintiffs are citizens of California as they live in California and have not indicated that they plan to leave the state. (*See* FAC ¶ 9.)

---

[2] Plaintiffs also include arguments suggesting that Bank of New York Mellon is a defendant in this action. (*See* Mot. at 2, 5.) However, as Defendants note, Plaintiffs did not name Bank of New York Mellon as a defendant here. (*See* Opp'n at 2; *see also* Compl.) Defendants admit that erroneously titled their Notice of Removal as "Notice of Removal by Defendants Wells Fargo Bank, N.A. and the Bank of New York Mellon," but an examination of Plaintiffs' Complaint (and FAC) reveals that, in fact, Bank of New York Mellon is not a named party. (Opp'n at 2; *see also* Removal; Compl.) Thus, the Court will not address any argument relating to Bank of New York Mellon.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-01512-BRO (KKx) | Date | September 9, 2016 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

  Wells Fargo is an national banking association ("NBA") with its main office located in Sioux Falls, South Dakota.[3] (Removal at 3 & Ex. G.) The Ninth Circuit has recently clarified that, pursuant to 28 U.S.C. § 1348, an NBA is deemed a citizen "of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014); *see also* 28 U.S.C. § 1348. Thus, Wells Fargo is a citizen of South Dakota and is diverse from Plaintiffs.

  Next, Defendant NBS is a limited liability company ("LLC"). (Mot. at 8; Opp'n at 3.) To determine an LLC's citizenship, the Court looks at the citizenship of each of its members or partners. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants provide evidence that Defendant NBS has a single member, a corporation with the name NBSC Group Holdings, Inc.[4] (Opp'n at 3–4 (citing Removal at 4); *see also* Declaration of James B. Cloud (hereinafter, "Cloud Decl.") ¶ 1; Declaration of Luke Madole (hereinafter, "Madole Decl.") ¶ 1; Declaration of Lawrence J. Buckley (hereinafter, "Buckley Decl.") ¶ 1.) Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). According to Defendants, NBSC Group Holdings is incorporated in Delaware and has its principal place of business in Texas. (Removal at 4–5; *see also* Cloud Decl. ¶ 1; Madole Decl. ¶ 1;

---

[3] Plaintiffs argue that Wells Fargo is actually being sued in its capacity as a trust, and thus, the citizenship of the trust beneficiaries must be considered. (Mot. at 5.) However, Plaintiffs provide no support for the proposition that a party's citizenship should not be determined based on the business form under which it is organized. Instead, Plaintiffs rely on *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015–16 (2016), in which the Supreme Court held that for the purposes of diversity jurisdiction, a trust's members include its shareholders. (Reply at 3–4.) However, in *Americold*, the plaintiffs had clearly named a trust as a defendant. *See Americold*, 136 S. Ct. at 1015–16. Here, Plaintiffs have named Wells Fargo, who, as addressed above, is an NBA, not a trust. (*See* Compl.; *see also* Removal at 3 & Ex. G). Thus, *Americold* is inapposite. Plaintiffs also cite *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990), in which the Supreme Court held that citizenship of an artificial entity should be determined by the citizenship of its members. However, *Arkoma* was addressing the citizenship of a limited partnership. *See id.* at 1016. But here, again, Wells Fargo is an NBA, not a limited partnership; thus, § 1348 applies and its citizenship is determined by where its main office is located. *See Rouse*, 747 F.3d at 715.

[4] Plaintiffs claim that both NBS and NBSC Holdings have other members who are California citizens, but they provide no evidence in support of this allegation. (*See* Mot. at 9.)

Case 5:16-cv-01512-BRO-KK   Document 34   Filed 09/09/16   Page 6 of 8   Page ID #:665

LINK: [14]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-01512-BRO (KKx) | Date | September 9, 2016 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

Buckley Decl. ¶ 1.)  Therefore, NBSC Group Holdings, and thus Defendant NBS, is a citizen of Delaware and Texas and is also diverse from Plaintiffs.

Because Plaintiffs are citizens of a different state than both Defendants, the complete diversity requirement is satisfied here.

### B.    Whether the Amount in Controversy is Sufficient

Second, Plaintiffs argue that Defendants have failed to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum.  (*See* Mot. at 10–12.)  The Court disagrees and finds that the amount in controversy requirement is satisfied here under either of two different approaches.

First, Plaintiffs' Original Complaint indicates that they are seeking damages in an amount "not less than $1,000,000."[5]  (Compl. ¶ 68.)  Under Ninth Circuit law, where "a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdiction threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Plaintiffs claim that their requested damages do not satisfy the jurisdictional minimum as they are seeking only the amount in excess of $50,000 required to reinstate the loan (and that the amount required to reinstate the loan is currently around $70,000), and that any of Defendants' alleged violations of California's Homeowners' Bill of Rights have statutory monetary remedies of only "a couple thousand dollars per incident."  (Reply at 5–6.)  Plaintiffs offer no further indication of the damages associated with each of their causes of action and provide no evidence that it is legally impossible that their damages will not exceed $75,000.  Accordingly, the Court finds that Plaintiffs' claims are too vague and

---

[5] In their FAC, Plaintiffs have removed any reference to an amount of damages sought; instead, they claim that their Complaint explicitly limits their damages request in order to avoid federal jurisdiction.  (*See* Mot. at 10–11; Reply at 5.)  It is unclear whether Plaintiffs are referring to their Original Complaint or their FAC.  Regardless, the Court finds no reference to a limitation of damages in either Complaint.  Further, amending a pleading to avoid jurisdiction is not sufficient to prevent removal.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296 (1938) ("On the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal, did not take away that privilege.").

Case 5:16-cv-01512-BRO-KK  Document 34  Filed 09/09/16  Page 7 of 8  Page ID #:666

LINK: [14]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01512-BRO (KKx)** | Date | September 9, 2016 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

inconclusive to establish that it is a legal certainty that the jurisdictional minimum is not met. Thus, the amount in controversy requirement is met under this approach.

Second, when, as here, a plaintiff is seeking injunctive or declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (internal quotation marks omitted). "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then that property is the object of the litigation." *Liwanag v. Bank of Am., N.A.*, No. EDCV 14-02605-VAP (KKx), 2015 WL 1884319, at *2 (C.D. Cal. Apr. 24, 2015). Here, Plaintiffs seek to enjoin the foreclosure sale from occurring and cancel all foreclosure documents or instruments issued against the Property. (*See* Compl. ¶¶ 2, 12, 99; *see also* Compl. at 24 (Prayer for Relief).) Thus, the Court finds that the primary purpose of their lawsuit is to prevent the sale of the Property, which makes the Property the object of the litigation.[6] *See Liwanag*, 2015 WL 1884319, at *2 ("The ownership of the property is at issue, and thus the property is the object of this litigation."). In this case, the amount in controversy is determined by the value of the property. *See id.* Defendants present evidence that the value of the Property here is between $486,000 and $605,000. (*See* Opp'n at 6; *see also* Compl., Ex. I; Declaration of Lynette Gridiron Winston, Ex. B.) Because Plaintiffs present no contradictory evidence, the Court considers Defendants' proffered values to be the accurate value of the Property[7] and the amount in controversy is met under this approach as well.

---

[6] When determining the primary purpose of a lawsuit, some courts have distinguished between situations in which a plaintiff is seeking only temporary injunctive relief and is, primarily, pursuing a claim for damages, from those where a plaintiff is seeking a permanent injunction and the primary purpose of the action is to prevent the sale of the property. *See Roman v. Bank of Am., N.A.*, No. 15-4344 FMO (JEMx), 2015 WL 4537468, at *2 (C.D. Cal. July 27, 2015) (finding that the plaintiffs were seeking only temporary injunctive relief and thus, injunctive relief was not the primary purpose of the litigation); *see also McNeely v. Wells Fargo Bank, N.A.*, No. SACV 11-01370 DOC (MLGx), 2011 WL 5320997, at *4 (C.D. Cal. Nov. 1, 2011) (finding that because plaintiff was seeking permanent injunctive relief, the property and the mortgage were the subject of the lawsuit). Here, it appears that the primary purpose of Plaintiffs' action is to permanently enjoin the sale of their home; their claims for damages are only secondary. (*See* Compl. ¶¶ 2, 12, 99; *see also* Dkt. No. 26 (Motion for Preliminary Injunction).)

[7] When a plaintiff challenges a defendant's allegation as to the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-01512-BRO (KKx)** | Date | September 9, 2016 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

Therefore, the amount in controversy requirement is met here.

## V.  CONCLUSION

For the foregoing reasons, the Court concludes that Defendants properly removed this matter pursuant to 28 U.S.C. § 1332.  Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand.  The hearing set for September 12, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**                                                                  :

                                                    Initials of Preparer         ah

---

controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).